Joe JONES, Appellant,

v.

WESTERN MISSOURI MENTAL
HEALTH CENTER,
Respondent.

No. WD 46045.

Missouri Court of Appeals,
Western District.

Nov. 3, 1992.

David R. Rootes, Law Offices of John P. Ryan, Jr., Grandview for appellant.

William L. Webster, Atty. Gen., Denise L. Garnier, Asst. Atty. Gen., Jefferson City for respondent.

Before TURNAGE, P.J., and
BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

The appellant, Joe Jones, was demoted from his position as a Clinical Social Worker Supervisor at the Western Missouri Mental Health Center (WMMHC) to his former position of Social Worker II. Mr. Jones felt he was wrongfully demoted and on November 29, 1990, appealed the action of WMMHC to the Missouri Personnel Advisory Board.

On January 15, 1991, the Personnel Advisory Board dismissed the appeal for lack of jurisdiction after finding Mr. Jones had been a probationary employee. Mr. Jones then sought judicial review of this decision in the Circuit Court of Jackson County, naming the Personnel Advisory Board as the defendant. On February 27, 1991, the Personnel Advisory Board filed a motion to dismiss contending they were not a proper party to the action. Mr. Jones responded by filing on March 12, 1991, a motion for leave to amend his petition to add WMMHC as a party defendant.

On August 8, 1991, the circuit court granted Mr. Jones leave to amend, dismissed all claims against the Personnel Advisory Board, and instructed Mr. Jones to

obtain service on the new party within a reasonable period of time.

Three months later, on November 18, 1991, WMMHC was served with a copy of the amended petition. On December 19, 1991, WMMHC filed a motion to dismiss, or in the alternative, a motion for summary judgment. The motion to dismiss was granted on January 29, 1992, apparently on the basis that Mr. Jones' petition for review was untimely.

Where a circuit court sustains a motion to dismiss without specifying the basis for its ruling, if there are any meritorious grounds alleged in the motion to justify the court's action, the ruling must be affirmed. *See Spearman v. University City Public School Dist.*, 617 S.W.2d 68, 72 (Mo. banc 1981).

Mr. Jones asserts one issue on appeal. He contends the circuit court erred in dismissing his petition as untimely because pursuant to Supreme Court Rule 55.33(c) the filing of the amended petition properly related back to the filing of the original petition.

Under § 536.110 RSMo, 1986,[1] Mr. Jones was allowed thirty days from the time his appeal to the Personnel Advisory Board was dismissed to file a petition for review in the circuit court. Mr. Jones filed his original petition for review, although mistakenly naming the Personnel Advisory Board as defendant, on February 14, 1991. Notice of the filing of the petition was given both to the Personnel Advisory Board, the named party, and to WMMHC by registered mail on February 14, 1991. Both the filing and notice were within the time set by § 536.110, as they occurred on the thirtieth day after the mailing or delivery of the notice of the Personnel Advisory Board's decision.

Rule 55.33(c) addresses the relation back of an amended pleading and provides as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him and serving him with notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Therefore, WMMHC would be properly before the court as a party defendant if the claims in Mr. Jones' amended petition arose out of the same conduct, transaction or occurrence as the petition for review; WMMHC received notice such that it would not be prejudiced in defending the suit; WMMHC was aware that the action should have been brought against it; and all of these elements must have been satisfied within the statutory period for commencing an action and serving WMMHC.

The claims in Mr. Jones' amended petition arose out of the same conduct or transaction as the original petition for review. In fact, the language in the two pleadings is nearly identical. Both request that the circuit court set aside the dismissal by the Personnel Advisory Board of Mr. Jones' appeal wherein he challenges the actions of WMMHC as being in violation of § 36.390. The Personnel Advisory Board offers a forum by which aggrieved state employees can appeal employment decisions which adversely affect them. Notice to WMMHC of the petition requesting review of the decision of the Personnel Advisory Board to dismiss Mr. Jones' action challenging his demotion would put WMMHC on notice of its possible role in the litigation. "[A] party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." *Koerper &*

---

**1.** All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.

Co. v. Unitel International, Inc., 739 S.W.2d 705, 706 (Mo. banc 1987). Notice of the original petition for review was sufficient to make WMMHC aware that the naming of the Personnel Advisory Board as defendant was a technical error. This was a situation of a mere misnomer. Relation back of a correction of a misnomer historically has been allowed when it is clear the proper party received service. *Watson v. E.W. Bliss Co.*, 704 S.W.2d 667, 670 (Mo. banc 1986).

There is no question WMMHC was the proper party and it received actual notice of the original petition for review, as Mr. Jones mailed a copy of the petition to WMMHC prior to the end of the thirty days. The mailing of a copy of the petition was sufficient to alert WMMHC to the legal ramifications of the action and its potential role therein.

Finally, Rule 55.33(c) requires that all provisions must be satisfied within the period prescribed for commencing the action and serving the defendant. In this case, the period for commencing the action expired on February 14, 1991. The filing of the original petition and the giving of notice to WMMHC occurred on said date, the last day of the statutory period. The Rule 55.33 requirements were met and the filing of the amended pleading relates back to the date of the original pleading.

The circuit court erred in its determination that the amended petition should not relate back to the filing of the original petition. The court finds no other meritorious grounds were alleged in the motion on which the dismissal should be affirmed. The order of the circuit court dismissing the amended petition for review is reversed. The cause is remanded to the circuit court for further proceedings.

All concur.