**Joe JONES, Respondent,**

v.

**WESTERN MISSOURI MENTAL HEALTH CENTER,
Appellant.**

**No. WD 48505.**

Missouri Court of Appeals,
Western District.

June 21, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Mark L. Gibson, Asst. Atty. Gen., Kansas City, for appellant.

Kimberly S. Hughes, Grandview, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and ELLIS, JJ.

ELLIS, Judge.

Western Missouri Mental Health Center appeals an order of the Circuit Court of Jackson County requiring the Missouri Personnel Advisory Board to conduct a hearing on the merits of a personnel decision regarding Joe Jones. We reverse and remand with directions.

Respondent, Joe Jones, is employed by Western Missouri Mental Health Center ("WMMHC"), a Missouri Department of Mental Health facility located in Kansas City, Missouri. In 1973, after completing the required probationary period, Jones achieved regular employment status in the job classification of Clinical Social Worker II at WMMHC. He remained in that position until July 10, 1990, when he was granted a probationary promotional appointment to the position of Clinical Social Work Supervisor. Jones held this position until October 31, 1990, when he received written notice, in the form of a letter, that he was being returned to his former position, Clinical Social Worker II. The letter stated Jones' return to his former position was "due to critical errors made in [his] judgement [sic] and performance." The letter further indicated the specific errors referred to in the letter had been discussed with Jones in a meeting with WMMHC directors earlier that day. It also stated, "your performance during your probationary period has failed to meet the required standards which Western Missouri Mental Health Center expects of a Clinical Social Work Supervisor."

On November 29, 1990, Jones appealed the October 31 decision in writing to the Missouri Personnel Advisory Board (hereinafter "Board"). On January 15, 1991, the Board dismissed Jones' appeal for lack of jurisdiction, concluding that since Jones held only a probationary promotional appointment as Clinical Social Work Supervisor, he was not a "regular employee" in that class of employment and was therefore not entitled to an appeal. Jones then sought review of the Board's decision in the Circuit Court of Jackson County. After several motions and proceedings, the Circuit Court of Jackson County sustained Jones' Motion for Summary Judgment and ordered the Board to conduct an evidentiary hearing in the case.[1]

WMMHC has appealed this decision, claiming the trial court erred in ordering the Board to conduct an evidentiary hearing in Jones' case because Jones was not yet a "regular employee" as defined by statute in his new classification of employment and that only "regular employees" have appeal rights in demotion cases. WMMHC further claims that Jones' return to his former classification of employment did not constitute a "demotion" within statutory and regulatory definitions of the term.

■ Our review is directed at the Board's decision regarding its lack of jurisdiction rather than the Circuit Court's decision. *See Lebedun v. Robinson,* 768 S.W.2d 219, 222 (Mo.App.1989) ("Appellate review of an administrative decision is limited to the agency's decision and not the circuit court's.") Therefore, our inquiry is whether Jones is entitled to a hearing by the Board regarding his return to his former position. "We must defer to [the Board's] findings of fact, and are not permitted to substitute our judgment for that of the Board, whose decision will be

1. The circuit court's order was premised on *Jones v. Western Missouri Mental Health Center,* 840 S.W.2d 278 (Mo.App.1992) (*"Jones I"*), in which this court determined that after WMMHC was named as a proper party, the amended petition properly related back to the filing of the original petition. We remanded the case to circuit court for further proceedings. On remand, the circuit court based its decision requiring the Board to conduct a hearing on the following statement in the last paragraph of *Jones I:* "The

court finds no other meritorious grounds were alleged in the motion on which the dismissal [below] should be affirmed." 840 S.W.2d at 280. The circuit court interpreted this statement as requiring summary judgment in favor of Jones and ordering the Board to conduct a hearing on the merits of Jones' demotion. It is not necessary in this case to determine whether the circuit court misinterpreted our direction for remand in *Jones I,* since, as discussed *infra,* we review the decision of the Board, not that of the circuit court.

upheld unless it exceeds its authority; is not based upon substantial and competent evidence on the record as a whole; is unreasonable, arbitrary or capricious; involves an abuse of discretion; or is otherwise unlawful." *Hattervig v. de la Torre*, 870 S.W.2d 895, 897 (Mo.App.1993); § 536.140.[2]

Regarding an employee's right to appeal, § 36.390.5 states:

Any regular employee who is dismissed or involuntarily demoted for cause or suspended for more than five working days may appeal in writing to the board within thirty days after the effective date thereof, setting forth in substance his reasons for claiming that the dismissal, suspension or demotion was for political, religious, or racial reasons, or not for the good of the service.

The statute is clear that only "regular employees" who have been dismissed, involuntarily demoted for cause, or suspended for more than five working days are entitled to an appeal. Assuming, for the sake of argument, that Jones was "demoted for cause" when he was reinstated to the position of Clinical Social Worker II, the key issue is whether Jones was a "regular employee" on October 31, 1990, the date of the "demotion."[3]

■ "Regular employee" is defined in § 36.020(10) as "an employee appointed to a position in accordance with this law after successfully completing a probationary period."[4] The probationary requirement is the key to this dispute. There is no question that Jones had successfully completed a probationary period in 1973 in connection with his position as Clinical Social Worker II. As such, he was a "regular employee" in that position. The question is whether Jones was required to complete a new probationary period for the promotional position in order to be entitled to appeal rights upon his return

to his former position. Neither the statutes nor the regulations specifically state that every employee given a promotion is subject to a new probationary period during which he may be returned to his previous position without being afforded the right to an appeal. Further, no case in Missouri has addressed this specific issue. Therefore, we must interpret the statutes and regulations to determine whether a promotional employee is entitled to appeal rights. In so doing, we must ascertain the intent of the legislature and agency from the language used in the statute and regulations, considering the language of the statute and regulations in their plain and ordinary meaning. *See Citizens Bank & Trust v. Director of Revenue*, 639 S.W.2d 833, 835 (Mo.1982).

Section 36.250.1 states:

Every person appointed to a permanent position subject hereto shall be required to successfully complete a working test during a probationary period which shall be of sufficient length to enable the appointing authority to observe the employee's ability to perform the various duties pertaining to the position.

By use of the phrase "every person," it is clear the legislature intended to include those who have been given a promotion, and that promotional employees must successfully complete a probationary period *as to the new position* so that the employee's ability to perform the duties of that position can be determined.

The regulations further evidence the intent to include promotional appointments within the probationary requirement. Pursuant to § 36.070, the Board has the power to prescribe such rules and regulations, including procedures for employment, promotion and demotion, not inconsistent with the provi-

---

2. Unless otherwise indicated, all statutory references are to RSMo 1986.

3. WMMHC contends that the action taken on October 31, 1990 was not a "demotion" within the statutory and regulatory definition of "demotion," arguing that Jones was merely reinstated to his former position. It is unnecessary for us to consider this point since the issue of whether Jones was a "regular employee" on October 31, 1990 is dispositive of WMMHC's appeal.

4. Similarly, 1 CSR 20–1.020(1)(A)(53) defines "regular employee" as "an employee who has been given a regular appointment to a position in accordance with the law and has successfully completed a probationary period." "Regular appointment means [an appointment] given to an employee after successful completion of a probationary period." 1 CSR 20–1.020(1)(A)(52).

sions of Chapter 36 (the State Personnel Law) as it deems suitable and necessary to carry out the provisions of Chapter 36. The Board has done so in Chapter 1, Division 20 of the Code of State Regulations.

■ According to the regulations, "Probationary period means a period following an original appointment, *promotional appointment,* reemployment appointment or reinstatement appointment as qualified in 1 CSR 20–3.040(2) which is sufficient to demonstrate the employee's ability to perform the duties of the position." 1 CSR 20–1.020(1)(A)(37) (emphasis added). Moreover, 1 CSR 20–3.040(2) states, "The probationary period shall begin upon reemployment, noncompetitive appointment, *noncompetitive promotion* or appointment from a register of eligibles, a *promotional register* or reinstatement register." (Emphasis added). In addition, the regulations specifically define "promotional probationary period" as "a period following a promotional appointment which is sufficient to demonstrate the employee's ability to perform the duties of the position." 1 CSR 20–1.020(1)(A)(41). It is obvious that the purpose for a probationary period is to determine whether the employee will be able to adequately perform the required duties of the position to which he has been appointed. It follows that this would apply even where the employee has been promoted to a new position requiring additional or different abilities than the previous position. Therefore, it is clear from the statutes and regulations that an employee given a promotional appointment is subject to a new probationary period as to the new position. Consequently, Jones was subject to a new probationary period after his appointment to Clinical Social Work Supervisor. The next question, then, is whether Jones was still within his probationary period regarding the new position on October 31, 1990 when he was returned to his former position.

Section 36.250.2 requires the Board to establish by regulation the length of probationary periods for different classes of positions. It did so in 1 CSR 20–3.040: "The normal and the minimum length of probation for all other classes of positions shall be six (6) months for employees in those positions serving an original or promotional probationary period." ˙1 CSR 20–3.040(2)(B).[5] Jones was given his appointment to Clinical Social Work Supervisor on or about July 10, 1990. Since Jones was returned to his former position on October 31, 1990, it is clear he was still in a probationary period at that time as it was well within six months of his promotion. Since he was still within his new probationary period, he does not meet the definition of "regular employee" under § 36.020(10) and therefore is not entitled to appeal his return to the position of Clinical Social Worker II.

■ Jones also asserts that he is entitled to a hearing regarding his "demotion" by the Fourteenth Amendment to the U.S. Constitution. A public employee does have a protected property interest in his or her employment. *Board of Regents v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972). However, Jones was not fired: he was reinstated in his former position after a promotion. Consequently, the constitutional question is whether Jones had a protected property interest in his promotional position. As Jones points out, the Supreme Court said in *Roth* that property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577, 92 S.Ct. at 2709. Therefore, the question of whether Jones has a protected property interest in his promotion comes from the statutes and regulations discussed

5. The regulations make a distinction between the required probationary periods for those employees, including probationary promotional employees, who have "substantial supervisory or administrative responsibilities" and "all other classes of positions." The record does not indicate whether Jones' new position involved "substantial supervisory or administrative responsibilities." However, this distinction is unimportant because for all types of positions, the minimum length of probation is six months. Since Jones received his promotional appointment on July 10, 1990 and was returned to his former position on October 31, 1990, he clearly had not fulfilled the minimum probationary period, regardless of whether he had "substantial supervisory or administrative responsibilities."

above. Clearly, had Jones been fired, he would have been deprived of a protected property interest and would therefore be entitled to an appeal. But as we have already discussed, Jones' protected property interest is in the position in which he had "regular employee" status, namely, Clinical Social Worker II. Since he did not have "regular employee" status in his promotional position, he did not have a protected property interest in that position. He does not, therefore, have a constitutional right to a hearing regarding the position to which he did not have "regular employee" status.

The judgment of the Circuit Court of Jackson County is reversed and the case remanded. The Circuit Court of Jackson County is directed to enter judgment affirming the decision of the Personnel Advisory Board.

All concur.