GREENE COUNTY REALTY COMPANY, A Missouri Corporation, Plaintiff-Respondent,

v.

Hugh J. SHANNON, et al., Defendant-Appellant.

No. 13621.

Missouri Court of Appeals, Southern District, Division One.

Sept. 20, 1984.

William H. McDonald, John E. Price, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for plaintiff-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

GREENE, Judge.

Defendant Hugh J. Shannon appeals from a trial court order granting a default judgment on liability only and sanctions, consisting of an award of $8,294.75 to plaintiff's attorneys against Shannon.

Plaintiff's motion to dismiss the appeal because Shannon has "deliberately and repeatedly disobeyed numerous court orders of the trial court ..." taken with the case is denied, as there has been no showing that Shannon has violated any rules of this court where his appeal is lodged.

The order followed a motion filed by plaintiff's attorneys asking for a default judgment and sanctions in the form of attorney fees, by reason of Shannon's flagrant and deliberate disregard of his legal obligation to appear for depositions, and to comply with other discovery procedures initiated by plaintiff's attorneys during the course of the litigation.

The events immediately preceding the challenged court order are as follows. On October 18, 1983, plaintiff filed its notice to take the deposition of Shannon on October 28, 1983. Shannon filed a motion for a protective order asking that the proposed deposition be cancelled and that he be given at least 30 days notice of any proposed deposition. The trial judge sustained the motion, but ordered Shannon to appear for deposition on November 28, and stated "that if Defendant Shannon shall fail to appear for said deposition without good cause, his pleadings shall be stricken and default judgment shall be issued against him on all counts and all issues of plaintiff's petition."

On November 28, Shannon's attorney appeared for the deposition but Shannon did not. No cause or excuse for his failure to appear is shown in the record. The trial court's order under attack here was granted after a hearing in which evidence was received, consisting of an affidavit of John E. Price and the testimony of William McDonald. Price and McDonald were attorneys for plaintiff. Also received in evidence was plaintiff's exhibit "A" which consisted of time sheets showing the time expended by plaintiff's attorneys in seeking to obtain depositions, receive answers to interrogatories, and compel production of documents. McDonald testified that all billings on the time expended on behalf of their client should have been charged at the rate of $50 an hour, and identified the time sheets showing that, not including time spent in preparing for the aborted deposition of November 28, a total of 119 hours was spent in preparing interrogatories, motions for sanctions, etc., all of which Shannon ignored. At $50 an hour, the charge for this work should have been $5,950.

As to the work connected with preparing for the November 28 deposition, the motion for default judgment and sanctions, and the hearing on the motion, Price's affidavit shows 23.5 hours were spent which, at $50 per hour, would amount to a charge of $1,175 for those legal services.

In its order, the trial court awarded plaintiff's attorneys $1,410 in attorney fees for preparation for and attendance at the aborted November 28 deposition, instead of the $1,175 those services would be worth at $50 an hour, and $6,884.75 for plaintiff's exhaustive, if unsuccessful, efforts to require Shannon to comply with discovery requests and court orders, instead of the $5,950 that they were entitled to if the trial judge had the jurisdiction to apply the sanction in question.

A fair reading of Rule 61.01 "Failure to Make Discovery: Sanctions" permits the trial court, on motion and with proper proof, to enter an order requiring a party who fails to obey court orders regarding discovery to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. We find nothing in the record to justify the appalling disregard by Shannon of court orders directing him to comply with discovery procedures that are part of the law of the state of Missouri.

The trial court's docket entries alone, most of which are typewritten, cover 18½ pages of legal sized paper, and the case has not been concluded. Many of the entries reflect the arrogant and contemptuous attitude of Shannon in defying court orders relating to discovery. At least seven different attorneys or law firms have represented Shannon in this action, and have withdrawn. This case has dragged along for more than four years. Most of the delay, as shown by the files and records, has been caused by Shannon. The buck has to stop somewhere, and here is the place.

Since this was a court-tried matter, its appealable order should be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and is not based on an incorrect declaration or application of law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Our review convinces us that the trial court's order is supported by fact and law, except that the amounts awarded for attorney fees should be $5,950 and $1,175, or a total of $7,125, rather than the total of $8,294.75 awarded by the trial court.

By virtue of our authority to give such judgment as the trial court should have given to correct the error of an excessive judgment when the amount of excess is clear [*Boenzle v. United States Fidelity & Guaranty Co.,* 258 S.W.2d 938, 944 (Mo. App.1953)], the order of the trial court dated December 9, 1983, granting a default judgment against Hugh Shannon on the issue of liability and awarding attorney fees to plaintiff's attorneys is modified to show an award of attorney fees to plaintiff of $1,175 for money expended attempting to take Shannon's deposition on November 28, 1983, and an award to plaintiff of attorney fees in the sum of $5,950 for monies expended attempting to compel Shannon to comply with legal discovery procedures other than the deposition scheduled for November 28, 1983. The order is affirmed in all other respects.

The cause is remanded to the trial court for entry of a corrected judgment consistent with this opinion.

TITUS, P.J., and FLANIGAN, J., concur.