**THE WEBCON GROUP, INC.,**
**Respondent/Cross–**
**Appellant,**

**and**

**David Mason & Associates, Inc.,**
**et al., Respondents,**

**v.**

**S.M. PROPERTIES, L.P., et**
**al., Appellants/Cross–**
**Respondents.**

**Nos. ED 75035, ED 75087.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 6, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 1, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Jones, Korum, Waltrip & Jones, Robert C. Jones & Robert E. Jones, Clayton, for appellant.

Lowenhaupt & Chasnoff, L.L.C., Hugh R. Law, Charice Y. Anderson, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

Property owners appeal a judgment entered in favor of a contractor and two sub-contractors on a theory of quantum meruit for improvements made to the property pursuant to a contract with a lessee. The owners argue that the trial court erred because the requirements for quantum meruit were not met and because the contractor and sub-contractors had another adequate remedy under law, so quantum meruit was not a proper remedy. We affirm the judgment of the trial court, as modified.

### Background

Hospitality Systems Corporation ("Hospitality") entered into a written lease agreement on December 6, 1994, leasing approximately 2,250 square feet of property ("Leased Premises") located at 8820 Manchester (the "Property"). Title to the Property was held by William Wade, Trustee, in trust with Wilmington Trust Company, Co–Trustee, for the beneficial owner of the trust, S.M. Properties (collectively, "Appellants"). The Property consists of a supermarket and a strip of retail stores which are attached and connected to the supermarket and are the subject of this litigation.

Hospitality intended to use the Leased Premises as a restaurant. In order for Hospitality to occupy the Leased Premises for the intended purposes, the parties to the lease contemplated that Hospitality would have to make substantial and permanent improvements to the Leased Premises. The lease provided that Hospitality could order and have constructed the appropriate tenant finish for operation of the premises as a restaurant. The lease further provided that Hospitality would pay all bills for construction and see that

no mechanic's liens were filed against the real estate.

On February 20, 1995, the Webcon Group, Inc. ("Webcon") entered into an agreement with Hospitality whereby Webcon agreed to furnish certain work, labor and materials for the construction of improvements to the Property to permit Hospitality to use the Leased Premises as a restaurant. The Agreement provided that Webcon would provide its services for a lump sum price of $79,957.00, plus any approved additional work. In addition, Webcon entered into contracts with several subcontractors to provide certain services in the premises. These subcontractors included Respondents David Mason & Associates, Inc. ("Mason"), who provided plumbing work, and House Electric, Inc ("House").

Webcon made the alterations pursuant to the contract in a workmanlike manner. However, Webcon was not paid in full by Hospitality and did not pay Respondents Mason and House in full. Hospitality no longer leases the premises. The present tenant is a travel agency.

Webcon brought suit against Hospitality, Wilmington Trust Company and S.M. Properties, L.P. on October 2, 1997 seeking a mechanic's lien or, in the alternative, seeking an equitable judgment under quantum meruit or unjust enrichment. The original petition did not join Wade, the owner, as a Defendant, and he was not so joined until nearly two years later.

The trial of the case commenced on January 12, 1998. On that date and prior to trial, Appellants requested an opinion and findings of fact pursuant to Rule 73.01(3). The court entered findings of fact, opinion and judgment on August 12, 1998 granting judgments in favor of Respondents and against Appellants. The court rejected a mechanic's lien and entered personal judgments in the following amounts in favor of the Respondents, and against Appellants as follows:

| | |
|---|---|
| The Webcon Group | $102,412.00 |
| House Electric Co. | $ 23,275.00 |
| David Mason and Associates | $ 14,601.71 |

### Direct Appeal

■ Reviewing a court tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Gateway Frontier Properties, Inc. v. Selner, Glaser, Komen, Berger and Galganski, P.C.,* 974 S.W.2d 566, 567 (Mo. App. E.D.1998). In determining whether there is sufficient evidence to support the trial court's judgment, we review the evidence in the light most favorable to the judgment. *Ken Cucchi Const., Inc. v. O'Keefe,* 973 S.W.2d 520, 524 (Mo.App. E.D.1998). The trial court determines the credibility of witnesses and may believe or disbelieve all or a part of any witnesses' testimony. *Id.;* Rule 73.01(c)(2).

■ Moreover, it is well established law in Missouri that if a plaintiff is entitled to recovery upon any theory pleaded we will affirm the judgment for the plaintiff regardless of the reasoning articulated by the trial court. *Equity Mut. Ins. Co. v. Affiliated Parking, Inc.,* 448 S.W.2d 909, 912 (Mo.App.St.L.D.1969). Thus, we will affirm the trial court's judgment "if it is deemed correct under any reasonable theory supported by all of the evidence." *Tip–Top Plumbing Co., Inc. v. Ordemann,* 946 S.W.2d 786, 790 (Mo.App. W.D.1997), citing *Jones v. Jones,* 903 S.W.2d 277 (Mo. App.1995).

Appellants argue that the trial court erred in granting judgment for Respondents on the theory of quantum meruit because (1) the trial court did not make a finding of unjust enrichment and the value of the benefit added to the subject property even though requested to do so by Appellants, and (2) the Respondents proved the existence of an adequate remedy at law either through the existence of an express contract for which Respondents Webcon and House were awarded judg-

ments, or by the imposition of a mechanic's lien.

## I.

Quantum meruit is a remedy for the enforcement of a quasi-contractual obligation and is generally based on the principle of unjust enrichment. *Landmark Systems, Inc. v. Delmar Redevelopment Corp.*, 900 S.W.2d 258, 262 (Mo.App. E.D. 1995), citing *Forry v. Department of Natural Resources*, 889 S.W.2d 838, 847 (Mo. App. W.D.1994). Unjust enrichment occurs when a person retains the benefit and enjoys the benefit conferred upon him without paying its reasonable value. Id.

Unjust enrichment is a quasi-contract theory. The essential elements of a quasi-contract are: "1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of the fact of such benefit; 3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." *Johnson Group, Inc. v. Grasso Bros., Inc.*, 939 S.W.2d 28, 30 (Mo.App. E.D.1997), citing *Erslon v. Vee–Jay Cement Contracting Co.*, 728 S.W.2d 711, 713 (Mo.App.1987).

The Appellants argue that many of the alterations have been removed or are not being used by the present tenant and thus are not necessary and do not offer any special benefit to the present tenant or the Appellants. The Appellants allege that they have not profited by the changes made to the building as the space is now being rented by a travel agency. Therefore, Appellants argue, there was no benefit conferred upon them by the alterations.

The trial court found that Webcon had performed its work under an agreement with the agent of the owner, Hospitality Systems Corporation. The court determined that the leased premises were let for a specific purpose and the premises could not be used for that purpose without the improvements. The court stated that substantially all of the improvements made to the Leased Premises substantially benefited the owner during and upon termination of the lease, and that the reasonable value of the goods and services that benefited the owner is $95,099.65, of which $86,999.65 remains unpaid.[1]

The fact that the present tenant is not using the improvements is irrelevant. Webcon and its subcontractors transformed the rental space from a "white box" into a restaurant, as contemplated by both Appellants and Hospitality when Hospitality leased the premises. The improvements were necessary for the lease and substantially benefited the Appellants. The trial court correctly found that it would be unjust for the Appellants to be allowed to retain the improvements without compensating Webcon, Mason and House. Point denied.

## II.

When a court has concurrent jurisdiction to hear both legal and equitable claims, it may invoke equitable principles "despite the existence of an adequate remedy at law." *In the Matter of Estate of Dean*, 967 S.W.2d 219, 223 (Mo.App. W.D. 1998) (citations omitted); *Estate of Cantonia v. Sindel*, 684 S.W.2d 592, 595 (Mo. App. E.D.1985). Once a court of equity asserts its jurisdiction, it will retain jurisdiction until it decides all of the issues adequately and fairly between the parties. *Estate of Dean* 967 S.W.2d at 224.

Though the Appellants argue that Respondents may only pursue a mechanic's lien and not an equitable remedy, Missouri courts have held that the mechanic's lien statute is not an exclusive remedy. "A mechanic's lien is simply a method of collecting a debt and ... the

---

1. Though Appellants argue that the trial court erred in not making a finding of fact regarding the value added to the property, this finding of fact does not predicate a finding of unjust enrichment. Rather, the trial court should, and did, find the value of the benefit conferred upon the Appellants.

invalidity of the lien does not preclude a judgment for the debt." *State ex rel. Power Process Piping, Inc. v. Dalton,* 681 S.W.2d 514, 517 (Mo.App. E.D.1984). "That the legislature has seen fit to afford the subcontractor a measure of protection through the mechanics (sic) lien statute does not alter the equitable principle applicable where the subcontractor fails to avail himself of the statutory remedy." *International Paper Co. v. Futhey,* 788 S.W.2d 303, 306 (Mo.App. E.D.1990).

Point denied.

## Cross–Appeal

■ Webcon argues on cross-appeal that the trial court erred in denying its request for a mechanic's lien. The trial court held that Webcon failed to comply with the requirements of Section 429.170 RSMo because it filed its action to perfect its mechanic's lien within six months after filing the lien, but failed to join the record owner of the property, William Wade, Trustee, as a party defendant until after the statute of limitations had expired. Accordingly, the trial court held that Webcon was not entitled to a mechanic's lien.

Webcon now argues that it in fact complied with Section 429.170 because it added Wade as a party defendant in its Amended Petition, which relates back to the date the original Petition was filed. We disagree.

Rule 55.33(c) contains three requirements for an amendment to a pleading to relate back to the original date of filing: (1) the claim must arise from the conduct, transaction, or occurrence set forth in the original pleading; (2) the party to be added has received such notice of the institution of the action as will not prejudice the party in maintaining a defense on the merits; and (3) the party to be added knew or should have known, but for a mistake concerning the identity of the proper party, that the action would have been brought against the party.

■ An amendment of a petition does not relate back to the date of the original filing in a case where the plaintiff had notice before the running of the statute that the party in question was a potential defendant. See, *Tyson v. Dixon,* 859 S.W.2d 758, 762 (Mo.App. W.D.1993). "Rule 55.33(c) was not designed to afford protection to a plaintiff who had notice of the identity and potential liability of the proper party defendant before the statute of limitations expired, yet failed to timely bring the party into the action." *Id.*

■ In the case at bar, the public records expressly provide that Wade is the owner of the property. As such, Wade was an indispensable party to the mechanic's lien action. However, the record on appeal is devoid of any evidence that Wade received notice of the action within the statutory period as required by Rule 55.33(c). Therefore, the trial court did not err in finding that Webcon is not entitled to a mechanic's lien. Point denied.

## Conclusion

Appellants have argued, and counsel for Respondents Webcon and Mason candidly agreed, that the judgment granted by the trial court may potentially result in a double recovery against the Appellants. The trial court found that the benefit conferred upon the Appellants was $95,099.65, of which $86,999.65 remains unpaid. However, the trial court awarded judgments in favor of Webcon, Mason and House as follows:

> On the claim of Plaintiff, The Webcon Group, Inc., on quantum meruit against Defendants Wilmington Trust Company, Trustee, William J. Wade, Trustee, and S.M. Properties, L.P., it is Ordered and Adjudged that Plaintiff, the Webcon Group, Inc., have and recover of the Defendants...jointly and severally with Defendant hospitality Systems Corporation the sum of $82,424.00, with prejudgment interest...in the sum of $19,987.80, for a total judgment of $102,412.00, together with the cost of this proceeding and that execution issue therefor.

B. On the claim of Plaintiff David Mason & Associates, Inc. for damages as set forth in Count II of Plaintiff's Amended Petition, it is Ordered and Adjudged that the Plaintiff, David Mason and Associates, Inc. have and recover of the Defendants William J. Wade, Trustee, and Wilmington Trust Company, Trustee, the sum of $14,601.71, together with the cost of this proceeding and that execution issue therefor.

\* \* \*

C. On the claims of Defendant House Electric Co., Inc. in Count II of its Cross–Claim against Defendants William J. Wade, Trustee, and Wilmington Trust Company, Trustee, and Count I of its Counter–Claim against Plaintiff, The Webcon Group, Inc., it is Ordered and Adjudged that the Plaintiff House Electric Co., Inc. have and recover of the Defendants ..., and Plaintiff, the Webcon Group, Inc., jointly and severally the sum of $23,275.72, together with the cost of this proceeding and that execution issue therefor.

Thus, the sum of the awards that the Respondents may recover from the Appellants under the judgment granted by the trial court totals $140,289.43.

We have authority to correct plain and manifest error or mistake in a judgment or decree. *Milde v. Milde*, 723 S.W.2d 471, 474 (Mo.App. E.D.1986). We may give such judgment as the trial court should have given, and may thus correct the error of potential double recovery by the Respondents. See *Greene County Realty Co. v. Shannon*, 677 S.W.2d 438, 440 (Mo.App. S.D.1984).

Accordingly, we amend the trial court's judgment and allow recovery for the Respondents in the following amounts: Webcon, $44,546.57,[2] plus pretrial interest in the amount of $10,802.53 [3] and costs of the trial court proceeding; Mason, $14,601.71, plus pretrial interest in the amount of $3,540.91 [4] and costs of the trial court proceeding; House, $23,275.72, plus pretrial interest in the amount of $5,644.36 [5] and costs of the trial court proceeding. Additionally, House is not entitled to also recover from Webcon jointly and severally.

As amended, the judgment of the trial court is affirmed.

JAMES R. DOWD, P.J., and LAWRENCE G. CRAHAN, J., concur.

---

**2.** $82,424.00 − 14,601.71 − 23,275.72 = $44,546.57

**3.** ($44,546.57/82,424.00) × $19,987.80 = $10,802.53

**4.** $14,601.71/82,424.00) × $19,987.80 = $3,540.91

**5.** $23,275.72/82,424.00) × $19,987.80 = $5,644.36