**KENNCO CONTRACTORS, INC., d/b/a Kennco Construction, a Missouri Corporation, Plaintiff–Respondent,**

v.

**Stanley W. DUNCAN and Rebecca A. Duncan, husband and wife. Defendants–Appellants.**

No. 23630.

Missouri Court of Appeals, Southern District, Division Two.

June 28, 2001.

Rehearing Denied July 19, 2001.

---

**5.** We find it unnecessary to address Alberici's   remaining arguments.

Stanley W. Duncan, pro se.

Gregory J. Smith, Smith & Fels, P.C., Springfield, for respondent.

RAHMEYER, Judge.

Appellants, Stanley W. Duncan and Rebecca A. Duncan, appeal from the trial court's judgment that they owe Respondent, Kennco Contractors, Inc. ("Kennco") $4,276.98 based upon a theory of *quantum meruit*. Because the Duncans failed to file a transcript of the trial in this matter, we must dismiss the appeal.

Kennco sued the Duncans in a two-count petition alleging that the Duncans entered into a contract with Kennco for remodeling work on the Duncans' property. In Count I, Kennco alleged that the Duncans breached their contract with Kennco by refusing to pay the balance due under the contract in the amount of $4,276.98. Kennco sought damages based on the contract, plus interest at the rate of one and one-half percent per month from March 18, 1998, attorney fees, and costs. Kennco relied upon a theory of *quantum meruit* in Count II, and again asked for $4,276.98, but with the statutory rate of interest of nine percent. The Duncans filed a five-count counterclaim.[1]

The trial court dismissed Kennco's first count, making Count I of the Duncans' counterclaim moot. The trial court awarded Kennco damages of $4,276.98 on its second count, plus statutory interest and $70 in court costs. The trial court entered judgment for Kennco on the remaining counts of the Duncans' counterclaim.

Initially, Respondent claims the appeal should be dismissed as being untimely. The judgment was signed on February 29, 2000, but the record does not reflect the date the judgment was filed. See Rule 74.01(a).[2] The docket sheet states that the judgment was not mailed to the parties until April 11, 2000. The Duncans filed their Notice of Appeal on April 21, 2000. Under these particular circumstances, the record does not compel a conclusion that the Notice of Appeal was late.

---

1. The counterclaim is not contained in the record on appeal; however, according to the judgment, Count I was for declaratory judgment, Count II was for damages for overpayment, Count III was for damages for fraud and abuse of process, Count IV was for punitive damages, and Count V was for damages to the Duncans' property.

2. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

The Duncans appeal, *pro se*, contending that the trial court erred in entering judgment against them on the basis of *quantum meruit*. They contend that the amount they had already paid to Kennco, $21,180.11, was in excess of the value of work Kennco performed, and, as a result, they should not owe Kennco any more money. We cannot review their point because they did not furnish a transcript of the proceedings from which they appeal.

The Duncans filed a document with this court entitled "The Record on Appeal." In this document they included the Petition, several trial exhibits, the trial judge's trial notes, Kennco's proposed judgment, the docket sheet, the judgment, the Notice of Appeal, a motion for supersedeas bond, and this court's order to the trial court concerning the setting of a supersedeas bond. On the cover page of "The Record On Appeal" the Duncans state: "The record on appeal consist [sic] of only the legal file. We are not going to order a copy of the transcripts as the legal file contains the necessary information for this appeal." No transcript of the trial court's proceedings is part of the file of this appeal.

■ The Supreme Court Rules require appellants to file the transcript of the underlying proceeding. Rule 81.12(a) states, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." The rule divides the record on appeal into the "legal file" and the "transcript." Rule 81.12(a). The transcript shall contain "the portions of the proceedings and evidence not previously reduced to written form." Rule 81.12(a). It is the appellant's duty to order and file the transcript. Rule 81.12(c)-(d); *Buford v. Mello*, 40 S.W.3d 400, 401–02 (Mo.App. E.D.2001). Without the required record, there is nothing for this court to review. *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D. 2000). Without the necessary record, this court must dismiss the appeal. *Martin v. Missouri Department of Social Services, Division of Child Support Enforcement*, 997 S.W.2d 48, 49 (Mo.App. E.D.1999).

■ We cannot determine the merit of the Duncans' argument on appeal without the transcript. The gist of their argument is that the trial court erred in determining the reasonable value of the services provided to the Duncans. In reviewing the trial court's determination of value we are mindful that we must affirm it unless there is no substantial evidence to support it, it is against the weight of authority, or it erroneously declares or applies the law. *The Webcon Group, Inc. v. S.M. Properties, L.P.*, 1 S.W.3d 538, 541 (Mo.App.E.D. 1999). In determining whether there is sufficient evidence for the trial court's decision, we review the evidence in the light most favorable to the judgment. *Id.* We defer to the trial court's ability to assess the credibility of the witnesses. *Id.* No error of law is alleged, leaving the question of whether the evidence supported the trial court's judgment. This court cannot make that determination without the transcript of the proceedings at the trial court level.

■ A review of the case law on *quantum meruit* reveals many nuances that can come into play in defining the reasonable value of services depending on the facts of the case. Without the ability to review the transcript of the proceedings, we are unable to review all the information that may relate to the Duncans' claim. Providing certain exhibits in the legal file is not sufficient. "We cannot consider exhibits without knowing what testimony was offered with respect to those exhibits ... or on what basis or under what circumstances they were admitted." *Buford*, 40 S.W.3d at 402 (footnote omitted). Without the

transcript of the lower court's proceedings, we cannot review the Duncans' point on appeal.

■ The Duncans argue that Rules 81.15(d), 81.12(c), 81.12(e), and 81 .17 require Kennco to have ordered the transcripts itself if it believed that the Duncans failed to establish evidence of reasonable value. These rules do not aid the Duncans. Although these rules allow a respondent to supplement the record on appeal, they do not shift the burden of supplying a full record on appeal to the respondent. It is the appellant's duty to furnish a complete transcript. *Buford*, 40 S.W.3d at 402. The rules previously cited cannot be read to excuse appellant's duty to provide any transcript whatsoever when the contents of that record will contain information necessary in determining the question raised on appeal.

■ The fact that the Duncans are appealing as *pro se* litigants does not change this result. *Pro se* litigants are bound by the same rules as attorneys. *Bastain*, 28 S.W.3d at 495.

Although we do not dismiss the appeal as being untimely, that does not change our result concerning the lack of a transcript. "Without a transcript, we cannot rule on the issues raised by appellant with any degree of confidence in the reasonableness, fairness, and accuracy of our final conclusion." *Rhodes v. Zhang*, 7 S.W.3d 7, 8 (Mo.App. E.D.1999). Because the Duncans have not furnished a record on appeal that contains all that is necessary for this court to review their point on appeal, we dismiss the appeal.

BARNEY, C.J., and PREWITT, J., concur.