**CITIBANK (SOUTH DAKOTA) N.A., Respondent,**

v.

**Marsha N. EDWARDS, Appellant Pro Se.**

**No. WD 63459.**

Missouri Court of Appeals, Western District.

Aug. 31, 2004.

Motion for Transfer to Supreme Court Denied Nov. 2, 2004.

Marsha N. Edwards, Eagleville, pro se.

David D. Backer, Mission, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, THOMAS H. NEWTON, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Marsha N. Edwards, acting *pro se*, appeals from a judgment entered in the Circuit Court of Harrison County holding her liable for money due on credit cards issued by Respondent Citibank (South Dakota), N.A. The court entered judgment against Appellant in the amount of $6,339.50 and

ordered Appellant to pay $633.95 in attorneys' fees.

In her sole point on appeal, Appellant contends that the trial court "erred in ruling for the Plaintiff, because the trial court lacked subject matter jurisdiction, in that counsel for Plaintiff never presented any verifiable evidence from CITIBANK, N.A., linking Defendant to the alleged debt."[1] Appellant clearly does not make a valid claim for lack of subject matter jurisdiction based upon an argument that the evidence was not sufficient to support a finding that she was responsible for the alleged debt. Viewing her *pro se* allegations liberally, however, we will treat her point as one asserting a lack of substantial evidence to support the judgment.

While claiming that Citibank failed to present sufficient evidence of her obligation to pay the various credit card debts, Appellant has failed to include a copy of the trial transcript or any exhibits admitted during trial in the record on appeal. Accordingly, it is impossible for this court to consider her claim, and we must dismiss the appeal on the grounds that the record is insufficient under Rule 81.12(a) to allow for meaningful appellate review.

"Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented." *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D.2000). "This rule requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of [the] questions presented to the appellate court for a decision." *Id.*

While claiming that Citibank failed to present sufficient evidence linking her to the credit card debt, Appellant has not provided this court with a sufficient record for this court to assess the validity of that claim. Without the trial transcript, this Court cannot ascertain what, if any, evidence was presented at trial that might support a finding that Appellant was liable for the debt. In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed. *Id.* The fact that Appellant was acting *pro se* does not change this result, as *pro se* litigants are bound by the same rules of appellate procedure as attorneys. *Kennco Contractors, Inc. v. Duncan*, 53 S.W.3d 557, 560 (Mo.App. S.D.2001).[2]

Appeal dismissed.

All concur.

---

1. In her statement of facts, Appellant admits: "Defendant at one time had two credit cards with Plaintiff (CITIBANK, N.A.). In 2002 a dispute arose over method of payment, and Defendant ceased making monthly payments. Numerous letters and phone calls failed to resolve the issue."

2. Likewise, the fact that the rules would have allowed Citibank to file the missing transcript on appeal does not affect this result. "Although these rules allow a respondent to supplement the record on appeal, they do not shift the burden of supplying a full record on appeal to the respondent." *Kennco Contractors, Inc. v. Duncan*, 53 S.W.3d 557, 560 (Mo.App. S.D.2001). "It is Appellant's duty to order and file the transcript." *Granada Bd. of Managers v. Coffer*, 73 S.W.3d 874, 876 (Mo.App. E.D.2002).