**Sharyn L. MILLS, Appellant,**

**v.**

**Kellye A. LOETHEN, Respondent.**

**No. WD 63398.**

Missouri Court of Appeals,
Western District.

Feb. 22, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 2005.

Brian J. Klopfenstein, Kearney, MO, for appellant.

Dennis J. Cassidy, Kansas City, MO, for respondent.

Before HOWARD, P.J., SPINDEN and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

Sharyn L. Mills appeals the trial court's judgment denying her motion for a new trial on her claim of negligence against Kellye A. Loethen. Ms. Mills filed her motion for new trial after the jury found Ms. Loethen sixty percent at fault and Ms. Mills forty percent at fault for an automobile accident but awarded Ms. Mills no damages. On appeal, Ms. Mills claims that she is entitled to a new trial because the trial court erroneously admitted evidence in violation of the collateral source rule. She further contends that the erroneous admission of such evidence caused the jury to award her zero damages, which, she asserts, is against the weight of the evidence and indicates that the verdict was the result of passion or prejudice.

■ Ms. Mills' claims on appeal require this court to examine the entire record. That is, even if this court were to assume, without deciding, that the admission of the evidence at issue violated the collateral source rule, "the record would still have to support a finding of prejudice ... before a new trial would have been proper." *Duckett v. Troester*, 996 S.W.2d 641, 648 (Mo.App.1999).[1] "A determination of prejudice by the erroneous admission of evidence depends largely upon the facts and circumstances of the particular case." *McGuire v. Seltsam*, 138 S.W.3d 718, 722 (Mo. banc 2004). In reviewing the facts and circumstances of the case, "[t]he appropriate question is whether the erroneously admitted evidence had any

---

1. This court recognizes that the Supreme Court has held that error in admitting evidence in violation of the collateral source rule is presumed prejudicial. *Kickham v. Carter*, 335 S.W.2d 83, 90 (Mo.1960). In *Kickham*, however, the error was preserved. *Id.* at 89. The Eastern District of this court has held that the presumption of prejudice in *Kickham* applies only to preserved errors. *Buatte v.* *Schnuck Mkts., Inc.*, 98 S.W.3d 569, 573 (Mo. App.2002). The record in this case indicates that Ms. Mills' claims of error were not preserved due to untimely objections. Even if the claims of error were preserved and the presumption did apply, however, this court would still need to review the record to determine if Ms. Loethen rebutted the presumption. *Duckett*, 996 S.W.2d at 648.

reasonable tendency to influence the verdict of the jury." *Id.*

Ms. Mills argues on appeal that the allegedly erroneously-admitted evidence influenced the jury's verdict by casting doubt on her credibility, and the evidence caused the jury to disregard her medical evidence and reach a verdict that was against the weight of the evidence. To evaluate the merits of her claims, this court must review the evidence that was before the jury. Ms. Mills failed, however, to include in the record on appeal all of the evidence presented at trial. In particular, Ms. Mills did not file any of the exhibits that were admitted during the trial. These exhibits included, among other things, her medical records and the deposition testimony of two doctors who had examined her and offered opinions as to the cause of her injuries.

 " 'Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented.' " *Citibank (South Dakota) N.A. v. Edwards,* 147 S.W.3d 810, 811 (Mo.App.2004) (quoting *Bastain v. Brown,* 28 S.W.3d 494, 495 (Mo.App.2000)). " 'This rule requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of [the]questions presented to the appellate court for a decision.' " *Id.* (quoting *Bastain,* 28 S.W.3d at 495).

Although Ms. Mills claims that the allegedly erroneous admission of evidence resulted in prejudice entitling her to a new trial, she "has not provided this court with a sufficient record ... to assess the validity of that claim." *Id.* Without the entire record, including exhibits, this court cannot determine whether the allegedly improper evidence had any reasonable tendency to influence the jury to disbelieve Ms. Mills and award her zero damages, and whether such an award was against the weight of the evidence, indicating that the verdict was the result of passion or prejudice. "In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed." *Id.*

Accordingly, the appeal is dismissed.

All concur.