**STATE of Missouri, ex rel., RAIN-WORKS IRRIGATION CO.,**
**Relator,**

v.

**The Honorable Richard**
**C. BRESNAHAN,**
**Respondent.**

**No. ED 92211.**

Missouri Court of Appeals,
Eastern District.

March 17, 2009.

Michael Kornblum, Sunset Hills, MO, for Appellant.

Susan K. Roach, Clayton, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Relator, Rainworks Irrigation Co., ("Relator") seeks a Writ of Prohibition prohibiting Respondent, The Honorable Richard C. Bresnahan, from denying Relator's Motion to Dismiss. The Preliminary Order in Prohibition is made absolute.

## I. BACKGROUND

The underlying case involved a slip and fall suffered by Plaintiff. The case was originally filed in June 2000 in the Circuit Court of St. Louis County. Plaintiff named Summer Chase I Homeowners Ass'n., Kastner Plumbing, Inc., and AM Excavating Co. as defendants. Relator was not named as a defendant at the time,

but was brought into the case as a third-party defendant by defendant Kastner Plumbing, Inc. in February 2005. The statute of limitations for Plaintiff's personal injury claims expired in June 2005. In May 2006 Plaintiff voluntarily dismissed his action against Summer Chase I Homeowners Ass'n., Kastner Plumbing, Inc., and AM Excavating Co. The Court dismissed the third-party petition against Relator. In July 2008, Plaintiff obtained leave from Respondent to file his First Amended Petition naming Relator as a Defendant for the first time. In August 2008 Relator filed a Motion to Dismiss arguing that the statute of limitations had run. Respondent denied the Motion to Dismiss. Relator subsequently filed a Writ of Prohibition, and this Court granted a Preliminary Order in Prohibition.

## II. DISCUSSION

Prohibition is a discretionary writ. *State ex rel. Specialized Transport, Inc. v. Dowd*, 265 S.W.3d 858, 861 (Mo. App. E.D.2008). Prohibition will lie only to prevent an abuse of judicial discretion, to avert irreparable harm to a party, or to prevent the exercise of extra-jurisdictional power. *Id.*

The statute of limitations for a personal injury case is five years. Section 516.120(4) RSMo 2000. The statute of limitations can be extended through the relation-back doctrine. The relation-back doctrine is governed by Missouri Supreme Court Rule 55.33(c) and allows for an amended pleading which adds a party not originally named in the initial pleadings. Under the relation-back doctrine, if a claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *Ullrich v. CADCO, Inc.,*

244 S.W.3d 772, 778 (Mo.App. E.D.2008) (quoting *Craig v. Mo. Dept. of Health*, 80 S.W.3d 457, 461 (Mo. banc 2002)). However, in order for the relation-back doctrine to apply, there must be a mistake in identity of the party to be added. Mo. Sup.Ct. R. 55.33(c). An amendment does not relate back to the date of the original filing where the plaintiff had notice before the running of the statute of limitations that the party in question was a potential defendant. *Webcon Group, Inc. v. S.M. Props., L.P.*, 1 S.W.3d 538, 543 (Mo.App. E.D.1999). "Rule 55.33(c) was not designed to afford protection to a plaintiff who had notice of the identity and potential liability of the proper party defendant before the statute of limitations expired, yet failed to timely bring the party into the action." *Id.* (quoting *Tyson v. Dixon*, 859 S.W.2d 758, 762 (Mo.App. W.D.1993)).

In this case, there was not a mistake in identity. Plaintiff knew Relator was a possible defendant in January 2005 when Relator was named as a third-party defendant. The Third–Party Petition states that Relator was the general contractor that constructed, implemented, and installed the plumbing and sprinkler system at issue in the case. The facts alleged in the Third–Party Petition gave Plaintiff notice of Relator's existence as a possible defendant before the running of the statute of limitations in June 2005. Therefore, the relation-back doctrine does not apply, and the personal injury claim against Relator is barred by the statute of limitations. The Preliminary Order in Prohibition is made absolute.

## III. CONCLUSION

The Preliminary Order in Prohibition is herby made absolute. Respondent is prohibited from taking any further action on Plaintiff's petition, other than to dismiss the petition.

NANNETTE A. BAKER, C.J., and KATHIANNE KNAUP CRANE, J., Concur.