

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| MARY KINGSLEY, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **WD76783** |
| | ) | |
| RICHARD McDONALD, | ) | **FILED: April 29, 2014** |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable Edith Messina, Judge**

**Before Division Two: Victor C. Howard, P.J., and Alok Ahuja and Gary D. Witt, JJ.**

Appellant Mary Kingsley and Respondent Richard McDonald were involved in an automobile accident. Kingsley filed suit to recover for her personal injuries shortly before the five-year statute of limitations expired. Her petition originally named James McDonald, owner of the vehicle Richard McDonald was driving, as the defendant, rather than Richard McDonald. Kingsley amended her petition to name Richard McDonald as the defendant outside the limitations period. The trial court dismissed the amended petition with prejudice, finding that Kingsley's claims against Richard McDonald were time-barred. Kingsley appeals. Because we conclude that Kingsley's amended petition naming Richard McDonald relates back to the date on which she filed her original petition, we reverse.

## Factual Background

On January 3, 2008, Kingsley and Richard McDonald were driving separate vehicles, and were involved in an automobile accident in which Kingsley was injured. Kingsley filed suit in

the Circuit Court of Jackson County to recover for personal injuries she sustained in the accident. Kingsley filed her lawsuit on December 28, 2012, less than a week before the running of the five-year statute of limitations. § 516.120, RSMo.

Although Richard McDonald was the driver of the vehicle involved in the collision with Kingsley, her original petition names James McDonald as the sole defendant, and makes no reference to Richard McDonald. James McDonald was the vehicle's owner. At the time of the accident, Richard and James[1] lived in the same residence, and both were listed as named insureds on a State Farm policy insuring the vehicle.

The substantive allegations in Kingsley's original petition make clear that she intended to sue the individual who was operating the vehicle with which her vehicle collided. Although the original petition names James McDonald as the defendant, it makes no reference to his status as the vehicle's owner. Instead, the petition alleges that, "[o]n January 3, 2008, [Kingsley] and [James] were involved in an automobile accident" in which Kingsley's "car was struck by the vehicle driven by [James]." The petition alleges that "[t]he collision was caused by the negligence of [James] in failing to stop at a stop sign and failing to yield the right-of-way," and that "[a]s a result of the negligence of [James], [Kingsley] was injured."

A summons was issued on January 3, 2013, which was returned *non est* on February 2. While service was pending, Kingsley apparently realized that the case had been captioned incorrectly. On January 19, she filed an amended petition substituting Richard McDonald as the defendant. James McDonald was never served with process.

---

[1]     James McDonald and Richard McDonald are unrelated. Nevertheless, because they share a common surname, for clarity's sake we sometimes refer to them by their first names. No familiarity or disrespect is intended.

2

State Farm, the insurance carrier for both Richard and James, had been involved in efforts to adjust Kingsley's claim. State Farm discovered that Kingsley had filed suit during a case.net search in late January 2013. On January 25, 2013, a State Farm representative called James, and informed him that a lawsuit had been filed naming him as the defendant, but that it had since been amended to name Richard instead. James called Richard (who was residing in Florida at this time) on the same day. James informed Richard of the lawsuit, and that Kingsley's petition had been amended to name Richard as the sole defendant.

At the time the amended petition was filed on January 19, 2013, Kingsley also filed a motion for appointment of a special process server, which was granted. The special process server was unsuccessful in attempting to locate Richard in Florida, and the summons was returned *non est* on March 12, 2013. On March 22, 2013, Kingsley hired a private investigator, who located Richard in Fairway, Kansas. An alias summons was issued, and served on Richard in Fairway on April 20, 2013.

Richard filed a motion to dismiss, claiming that the lawsuit was barred by the five-year statute of limitations found in § 516.120, RSMo. The trial court granted the motion, and entered a judgment dismissing the case with prejudice on July 25, 2013. Kingsley appeals.

## Analysis

Kingsley argues that her lawsuit against Richard McDonald is timely, and that dismissal of her petition was therefore unwarranted. Kingsley contends that, under Supreme Court Rule 55.33(c), the January 19, 2013 amendment of her petition (which correctly named Richard as the defendant) relates back to the date on which she filed her original petition, within the five-year limitations period. We agree.

3

"The dismissal of a claim as barred by the statute of limitations raises a question of law that this court reviews on a *de novo* basis." *Molder v. Trammell Crow Servs., Inc.*, 309 S.W.3d 837, 840 (Mo. App. W.D. 2010).

Rule 55.33(c) provides:

> **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 55.33(c) is "a remedy for a mistake in *identity*, and the remedy is a *change* in party." *State ex rel. Hilker v. Sweeney*, 877 S.W.2d 624, 628 (Mo. banc 1994) (original emphasis). "For Rule 55.33(c) to apply, plaintiff must have made a mistake in selecting the proper party to sue, i.e., the plaintiff must have brought an action against the wrong party." *State ex rel. Holzum v. Schneider*, 342 S.W.3d 313, 316 (Mo. banc 2011) (quoting *Windscheffel v. Benoit*, 646 S.W.2d 354, 357 (Mo. banc 1983) (internal quotation marks omitted)). "Rule 55.33(c) is to be liberally applied, and is based on the concept of whether a defendant has been given notice sufficient to defend against claims relating to a particular transaction or occurrence." *Overlap, Inc. v. A.G. Edwards & Sons, Inc.*, 318 S.W.3d 219, 229 (Mo. App. W.D. 2010) (citation and internal quotation marks omitted).

Rule 55.33(c) only applies where the correct defendant receives notice of the action "within the time allowed for service." *Holzum*, 342 S.W.3d at 317.

> The time allowed for service may extend beyond the statute of limitations period for filing the lawsuit but only to the extent described in Rule 54.01(c), which

4

requires that service be made "promptly." This means that the plaintiff must exercise due diligence in effecting service.

*Id.* (citation omitted).

The circumstances here fall squarely within Rule 55.33(c)'s relation-back rule. The amended petition (which correctly names Richard McDonald) "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading"; in fact, other than changing the defendant's name, the amended petition is substantively *identical* to the original petition. It is undisputed that Richard McDonald received notice of the institution of the action on January 25, 2013, less than thirty days after suit was filed, and less than thirty days after the expiration of the five-year limitations period. Richard does not dispute that January 25, 2013, was "within the period provided by law for . . . serving notice of the action." Indeed, Richard has not disputed that the actual service of the amended petition on him *three months later*, on April 20, 2013, was "prompt" within the meaning of Rule 54.01(c).[2] Nor has Richard contended that the timing of his notice of the lawsuit prejudiced his ability to defend the action on the merits.

Rule 55.33(c)(2) requires that, within the time allowed for service, Richard "knew or should have known that, but for a mistake . . ., the action would have been brought against [him]." This requirement is also undeniably satisfied here. Richard has admitted that, during their January 25, 2013 phone call, James told Richard *not only* that the action had been filed, but that Kingsley had filed an amended petition naming Richard as the sole defendant. Thus, within

---

[2]    The fact that a period of less than thirty days is within the time allowed for service is confirmed by Rule 54.21, which provides:

> The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

the time allowed for service, Richard knew not only that the lawsuit *should have been* brought against him, but that it *had been* brought against him by the filing of an amended petition.[3]

Thus, Richard received actual notice of this lawsuit, and of the fact that he had been named as a defendant in this lawsuit, within the time period during which a timely petition could have been served upon him; and he does not claim that his defense of the action has been in any way prejudiced by the delay in naming him as a defendant. In these circumstances, dismissing this case based on Kingsley's error in originally identifying the defendant would exalt form over substance. But as the Missouri Supreme Court has explained,

> Statutes of limitation were never intended to be used as swords. Rather, they are shields, primarily designed to assure fairness to defendants by prohibiting stale claims which tend to undermine the truth finding process.

*Thorson v. Connelly*, 248 S.W.3d 592, 596 (Mo. banc 2008) (citation and internal quotation marks omitted). As in *Thorson*, in this case "[t]he truth-finding process is not undermined by the relation-back of" Kingsley's amended petition. *Id.* Richard McDonald "suffer[s] no prejudice or unfair surprise" by application of Rule 55.33(c), and is "not deprived of the opportunity to investigate timely and prepare [his] defenses." *Id.* Because each of the elements specified in Rule 55.33(c) is satisfied, Kingsley's amended petition relates back to the date on which her original petition was filed.

Richard argues that, even if Kingsley meets the express requirements of Rule 55.33(c), she is not entitled to rely on the relation-back doctrine because she knew Richard's identity as the driver (from a police report and other documents in her possession) before filing her original petition. Given that Kingsley knew his identity, Richard argues that she could – and should – have correctly named him in her original pleading. Richard supports his argument by quoting

---

[3] It is irrelevant that the original petition, to which the amended petition relates back, was itself never served on either James or Richard. *Bailey*, 890 S.W.2d at 652-53.

the following statement from *State ex rel. Rainworks Irrigation Co. v. Bresnahan*, 282 S.W.3d 387 (Mo. App. E.D. 2009):

> An amendment does not relate back to the date of the original filing where the plaintiff had notice before the running of the statute of limitations that the party in question was a potential defendant. "Rule 55.33(c) was not designed to afford protection to a plaintiff who had notice of the identity and potential liability of the proper party defendant before the statute of limitations expired, yet failed to timely bring the party into the action."

*Id.* at 389 (citing and quoting *Webcon Group, Inc. v. S.M. Properties, L.P.*, 1 S.W.3d 538, 543 (Mo. App. E.D. 1999), which in turn quotes *Tyson v. Dixon*, 859 S.W.2d 758, 762 (Mo. App. W.D. 1993)).

Although *Rainworks Irrigation*, *Webcon*, and *Tyson* each suggest that relation back is unavailable where a plaintiff knows the defendant's identity, and possible liability, during the limitations period, each of those cases arises in a fundamentally different context than this case. In each of the cases on which Richard relies, the plaintiff sought to *add* a new party, subject to a new and distinct theory of liability, after the statute of limitations had run. The new defendant played a different role in the underlying events than the existing defendants; thus, the amended pleading did not simply seek to *substitute* the correct party-defendant for a defendant originally named.[4]

Seen in this light, *Rainworks Irrigation*, *Webcon* and *Tyson* are consistent with cases refusing to apply Rule 55.33(c) where a plaintiff seeks to *add* an entirely new party to a lawsuit (rather than *substituting* the correct party for a defendant erroneously named in an earlier

---

[4]    *See Rainworks Irrigation*, 282 S.W.3d at 388-89 (lawsuit involving slip-and-fall accident; plaintiff originally sued homeowner's association and plumbing and excavation subcontractors involved in sprinkler system project; amendment sought to add general contractor on sprinkler project); *Webcon*, 1 S.W.3d at 540-41, 543 (mechanic's lien claimant originally sued beneficial owner of property and trustee, but failed to name property's record owner); *Tyson*, 859 S.W.2d at 759-60 (plaintiff, who was injured by falling light fixture in building, originally sued record owner of property at time of accident, but later sought to add individual who managed the property, and had equitable ownership pursuant to a contract for deed).

pleading).  Thus, in *Windscheffel v. Benoit*, 646 S.W.2d 354 (Mo. banc 1983), the Missouri

Supreme Court held that Rule 55.33(c) was inapplicable where an amended pleading sought to

name an additional defendant, but maintain the plaintiff's claims against the existing defendant.

The Court explained that Rule 55.33(c) was only applicable where a plaintiff "made a mistake in

selecting the proper party to sue," and brought suit against "the wrong party."  *Id.* at 357.  In the

case before it, however, plaintiff admitted that it had "inadvertently omitted" the additional

defendant from its original petition.  *Id.*  The Court concluded that the plaintiff "does not seek to

*change* parties; he seeks to add one," *id.*; in those circumstances, it held that Rule 55.33(c) "is

wholly inapplicable to plaintiff's case."  *Id.*

Other cases reach the same result:  Rule 55.33(c) applies where a plaintiff seeks to

*substitute* a new party for an existing, erroneously-named defendant, but not where the plaintiff

seeks to *add* an entirely new defendant to the case.[5]  "[T]he law distinguishes between the

substitution of parties" – where relation back may be available – "and the addition of parties,"

where it is not.  *Johnson v. Delmar Gardens West, Inc.*, 335 S.W.3d 83, 88 (Mo. App. E.D.

2011).

Kingsley's amended petition did not improperly attempt to *add* a new party-defendant

after the statute of limitations had run.  As we have explained, Kingsley's original petition makes

crystal clear that she intended to sue a single individual all along:  the driver of the vehicle with

which her vehicle collided on January 3, 2008.  Unfortunately, Kingsley incorrectly identified

---

[5]     *See*, *e.g.*, *State ex rel. Hilker v. Sweeney*, 877 S.W.2d 624, 628 (Mo. banc 1994)
("'relation back' is triggered only by a mistake in identifying a party defendant and not by a mistake in
failing to add a party defendant"); *Goodkin v. 8182 Maryland Assocs. L.P.*, 80 S.W.3d 484, 489 (Mo.
App. E.D. 2002) (Rule 55.33(c) "does not apply if the plaintiff wants to add a party to the suit.  A mistake
in failing to add a party defendant does not trigger relation-back." (citation omitted)); *Smith v. Overhead
Door Corp.*, 859 S.W.2d 151, 152 (Mo. App. W.D. 1993) (Rule 55.33(c) is inapplicable where "[t]here
was no mistake in identity, but a tactical change in parties and legal theories of liability when the first
amended petition was filed").

8

that individual in her original petition. Her amended petition sought to substitute the correct individual – Richard McDonald – for the person she had previously (and incorrectly) identified as the vehicle's driver. Kingsley's amended petition abandoned any claim against James McDonald, confirming that Kingsley was not seeking merely to add an additional defendant. This sort of substitution to correct a misidentified defendant is precisely the situation Rule 55.33(c) was intended to address.

We also reject Richard's suggestion that relation back should be denied because Kingsley allegedly failed to act with adequate care in framing her original petition. The applicability of Rule 55.33(c) does not depend on the plaintiff's innocence or culpability; instead, the focus is on whether the defendant received timely notice of the suit, and would be prejudiced in defending it. *See Koerper & Co. v. Unitel Int'l, Inc.*, 739 S.W.2d 705, 706 (Mo. banc 1987) (Rule 55.33(c) "is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford" (citations and internal quotation marks omitted)); *Want v. Leve*, 574 S.W.2d 700, 712 (Mo. App. 1978) ("With the adoption of the Rule the question became one of whether that party had notice of the institution of the lawsuit prior to the time the limitations period had expired, so that he would not be prejudiced in maintaining his defense on the merits . . . .").

Rule 55.33(c) is patterned after Federal Rule of Civil Procedure 15(c). *Bailey*, 890 S.W.2d at 651; *Koerper*, 739 S.W.2d at 706. The Supreme Court of the United States has expressly held that, if an amended pleading otherwise satisfies Federal Rule 15(c), it is irrelevant what the plaintiff knew before filing its original pleading, and whether it acted diligently. In *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), the plaintiff (Krupski) was injured when she slipped and fell on a cruise ship. *Id.* at 2490. Krupski's ticket identified the carrier as

"Costa Crociere S.p.A., an Italian corporation." *Id.* Nevertheless, when she later filed suit over her injuries, Krupski named a distinct corporation – Costa Cruise Lines – as the defendant, alleging (erroneously) that Costa Cruise Lines "'owned, operated, managed, supervised and controlled' the ship on which Krupski had injured herself." *Id.* It was only after the statute of limitations had run that Krupski sought to file an amended complaint correctly naming Costa Crociere as the defendant. *Id.* at 2491.

As in this case, Krupski had documents in her possession before she filed suit which identified the correct defendant. The Supreme Court nevertheless held that her amended pleading would relate back to the date of filing her original complaint.

> The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the [service] period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.

*Id.* at 2493. The Court also held that "[t]he Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them." *Id.* at 2496.

*Krupski* explains that focusing on what the defendant knew during the service period, and how (if at all) its defense would be prejudiced, is consistent with the competing policies which the relation-back doctrine is intended to accommodate:

> This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity. Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a

10

> mistake of identity about which that party should have been aware, such
> knowledge does not support that party's interest in repose.

*Id.* at 2494 (citation omitted).

The Supreme Court's reading of the federal counterpart to Rule 55.33(c) is fully applicable here. If a belatedly-named defendant is aware of a lawsuit, and aware that it should have been named in the lawsuit, during the period in which a timely petition could have been served upon it, and if it is not prejudiced by the delay, then the defendant's interest in repose under a statute of limitations must give way to the plaintiff's interest in prosecuting its cause of action on the merits. The relation-back inquiry is not affected by the plaintiff's knowledge of the correct defendant's identity before originally filing suit, or the plaintiff's level of diligence in attempting to avoid, discover, or correct the error in its original pleading.[6]

**Conclusion**

Under Rule 55.33(c), the January 19, 2013 amendment of Kingsley's petition, which substituted Richard McDonald as the defendant, relates back to the filing of Kingsley's original petition within the limitations period. Kingsley's claims against Richard McDonald are

---

[6] Kingsley also argues that her amended petition should relate back to the filing of her original petition under the common-law doctrine of "misnomer." "A misnomer is a misdescription or a mistake in some aspect of a party's name. It occurs where a summons is served on the right party but with the wrong name." *Johnson v. Delmar Gardens West, Inc.*, 335 S.W.3d 83, 87 (Mo. App. E.D. 2011) (citations omitted). Given that James McDonald is an actual person separate and distinct from Richard McDonald, and that James himself has some connection to the underlying events, we question whether this is properly considered a "misnomer" case. *Bailey v. Innovative Mgmt. & Inv., Inc.*, 890 S.W.2d 648, 651-52 (Mo. banc 1994) ("it is important to distinguish between a misnomer, which is a mistake in some aspect of a party's name, and changing or adding a party"; distinguishing the "misnomer" situation "from cases in which the petition filed before the statute of limitations names some other party in existence"). Nevertheless, because Kingsley's amended petition relates back under Rule 55.33(c), we need not decide the applicability of the "misnomer" doctrine.

We also note that § 516.200, RSMo 2000 formerly provided that the statute of limitations was tolled against a Missouri-resident defendant who "depart[ed] from and reside[d] out of this state" after the cause of action accrued. While this statute would arguably have been applicable to Richard McDonald, it was declared unconstitutional in *State ex rel. Bloomquist v. Schneider*, 244 S.W.3d 139, 141-43 (Mo. banc 2008). In response to *Bloomquist*, the quoted language was removed from § 516.200 in 2009. *See* H.B. 481, 2009 Mo. Laws 599, 657.

accordingly timely, and are not subject to dismissal based on the statute of limitations. The circuit court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Alok Ahuja, Judge

All concur.