

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **FLOYD STEVEN WIEDNER,** | ) | |
| | ) | |
| **Appellant,** | ) | WD83377 |
| | ) | |
| v. | ) | OPINION FILED: August 18, 2020 |
| | ) | |
| **FERRELLGAS, INC., ARAVIND** | ) | |
| **SREEDHARAN and SUE HASTY,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jennifer M. Phillips, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Cynthia L. Martin, Chief Judge
and Thomas N. Chapman, Judge

Floyd Wiedner ("Wiedner") appeals the judgment of the Circuit Court of Jackson

County, Missouri, dismissing his claims against Ferrellgas, Inc., Aravind Sreedharan, and

Sue Hasty (collectively "Respondents") for discrimination and retaliation under the

Missouri Human Rights Act ("MHRA").  Wiedner brings four allegations of error.  We

reverse and remand for further proceedings consistent with this opinion.

**Factual and Procedural Background[1]**

Wiedner was employed by Ferrellgas, Inc., as a senior database administrator from February 28, 2011, until his dismissal from the company on October 25, 2016. On January 2, 2017, Wiedner filed a Charge of Discrimination ("Complaint") against "Ferrellgas" with the Missouri Commission on Human Rights ("MCHR"). Wiedner had a chronic pain condition which, based on a doctor's recommendation, resulted in Ferrellgas granting him the reasonable accommodation of his working from home. However, following approved FMLA leave from April 25, 2016, through July 25, 2016, Wiedner's supervisor, Phillip Legate ("Legate"), began harassing him regarding the work accommodations he was receiving. Wiedner's department manager, Aravind Sreedharan ("Sreedharan"), informed him he could no longer work from home and he suffered harassment from Legate creating a hostile working environment. Wiedner filed a formal complaint with Ferrellgas, Inc.'s Employee Relations department on August 18, 2016, "for the continuous harassment he was being subjected to by [his] supervisor, Mr. Legate, and for the hostile work environment and retaliation." Mary Lentz, Director of Employee Relations, was in charge investigating Wiedner's allegations against Legate.

Following an investigation, Wiedner was informed that Legate "talked to everyone that way" and it did not amount to harassment toward Wiedner. After his complaint, Sue

---

[1] The facts set forth are taken from the Wiedner's amended petition and for the purposes of this appeal we presume those allegations to be true. *Dujakovich v. Carnahan*, 370 S.W.3d 574, 577 (Mo. banc 2012). The amended petition was filed with leave of court on September 3, 2019. The "Facts Common to All Counts" was nearly identical as between the petition and the amended petition. However, the facts are taken from that amended petition unless otherwise indicated.

2

Hasty ("Hasty"), Senior Human Resources Generalist[2] in the human resources department, informed Wiedner that he had seven days to have his doctor complete a medical assessment regarding his disability. Wiedner returned the necessary paperwork but did not hear back regarding his requested accommodations for two weeks.

After Wiedner filed a formal complaint with human resources, he was placed on a Performance Improvement Plan by Sreedharan that incorrectly reflected his performance. Wiedner offered "proof" to Sreedharan that Legate's claims about his performance were false, but Sreedharan was unresponsive. Wiedner also sent e-mails to Hasty attempting to prove that certain allegations regarding his work contained within his performance plan were incorrect. Ultimately, he was discharged for refusing to sign the performance plan.

Wiedner filed a Complaint with the Missouri Commission on Human Rights ("MCHR") against "Ferrellgas" alleging disability discrimination and retaliation. The MCHR issued Wiedner a Notice of Right to Sue on November 20, 2017,[3] listing the entity as "Ferrellgas Partners." It is unclear from the record before us why or on what basis the change was made from "Ferrellgas" to "Ferrellgas Partners."

On February 7, 2018, Wiedner filed suit in the Circuit Court of Jackson County against Ferrellgas Partners Finance Corp., Sreedharan, and Hasty, alleging violations of the Missouri Human Rights Act ("MHRA") ("Petition"). Sreedharan was Wiedner's supervisor

---

[2] In his brief, Wiedner identifies Hasty as the "Human Resources Director for Ferrellgas." In her correspondence to the EEOC she identifies herself as "Sr. Human Resource Generalist." The Petition, which for purposes of our current review we accept as true, identifies Mary Lentz as Director of Employee Relations and Hasty as a "Senior Human Resources Generalist," thus we defer to this title.

[3] Wiedner filed a similar claim with the Equal Employment Opportunity Commission ("EEOC"). On October 16, 2017, the EEOC also issued a right to sue letter.

at Ferrellgas, Inc. and Hasty worked in the human resources department of Ferrellgas, Inc. Both were sued individually.

Ferrellgas Partners Finance Corp. filed an Answer to the Petition on March 9, 2018, in which it specifically stated that "Defendant Ferrellgas Partners Finance Corp. did not employ [Wiedner].  Rather, [Wiedner] was employed by Ferrellgas, Inc." Ferrellgas Partners Finance Corp. also responded to the remaining allegations in the Petition.

Also, on March 9, 2018, in a separate filing, Sreedharan and Hasty filed a Joint Motion to Dismiss alleging both that "MHRA no longer permits claims against individuals employed by employer" and that by failing to individually name them as defendants in his administrative claims, Wiedner failed to exhaust his administrative remedies against them. The circuit court agreed, finding that Wiedner "failed to exhaust administrative remedies with regard to the named individuals."  The court further found that they were not sufficiently on notice of the charge and suffered prejudice as a result.  Sreedharan and Hasty were dismissed with prejudice by the circuit court.

The case proceeded toward trial, solely against Ferrellgas Partners Finance Corp., although it continually stated in its filings with the court that it was not Wiedner's employer and specifically pointed out that the proper employer was Ferrellgas, Inc.  On the morning of the scheduled jury trial, July 22, 2019, Wiedner orally moved to amend the petition and substitute Ferrellgas, Inc. for Ferrellgas Partners Finance Corp. as the proper defendant. The court continued trial and directed the parties to fully brief the issue.  On September 3,

2019, the court granted Wiedner's Motion to Amend the Petition and deemed the Amended Petition timely filed ("Amended Petition").[4]

On September 17, 2019, Ferrellgas, Inc. was served a summons. The following day, Ferrellgas, Inc. moved to Compel Arbitration or, in the Alternative, to Dismiss. The court granted the motion on October 18, 2019, dismissing the Amended Petition with prejudice.

This appeal followed.

## Discussion

Wiedner brings four points of error on appeal. To begin, he challenges the circuit court's grant of Sreedharan's and Hasty's Motion to Dismiss.[5] Sreedharan and Hasty were dismissed because Wiedner failed to name them individually in his administrative Complaint, and thus the trial court found he failed to exhaust his administrative remedies prior to bringing suit against them individually. Wiedner contends the court erred in this finding because Sreedharan and Hasty shared an identity of interests with Ferrellgas, Inc. such that it was not necessary to name them individually in his Complaint.

---

[4] Attached to the Petition as Exhibit 1 was a Complaint that had been filed with the Missouri Commission on Human Rights. The Amended Petition refers to Exhibit 1 but no such document is attached to the Amended Petition. For purposes of this opinion we presume that Exhibit 1 was the same document.

[5] The Amended Petition was brought solely against Ferrellgas, Inc. and not against Sreedharan and Hasty. "The general rule is that an amended petition operates as an abandonment of the original petition." *Prayson v. Kan. City Power & Light Co.*, 847 S.W.2d 852, 859 (Mo. App. W.D. 1992), thus suggesting that Wiedner had abandoned his claims against Sreedharan and Hasty. However, there is an exception to this general rule which applies to defendants previously dismissed by the court "where the reason for dismissal is not correctible [sic] by an amended pleading and the case remains pending against other defendants[.]" *Id.* (quoting *R.C. v. S.W. Bell Tel. Co.*, 759 S.W.2d 617, 619-20 (Mo. App. E.D. 1988)). In that case, the amended petition need not include the "previously dismissed defendants and 'thereby force those defendants and the court to repeat the dismissal procedure they had previously engaged in.'" *Id.* "[T]he court and the parties should not be required to engage in useless procedural gestures in order to preserve the propriety of the dismissal for review." *Id.* Thus, although not named as parties in the Amended Petition, Wiedner did not waive his right to appeal the trial court's dismissal of Sreedharan and Hasty by failing to include them.

5

**I.**

This Court reviews the grant of a motion to dismiss *de novo*. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 161-62 (Mo. banc 2016). We assume that all facts alleged in the petition are true and liberally construe all inferences from those facts in favor of the plaintiff. *Id.* at 162. The Court reviews the petition "to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case." *Id.*

Before we may turn to the substance of Wiedner's argument, we must first address Respondents' claim that the post-2017 version of MHRA applies in this case, acting as an absolute bar to claims against Sreedharan and Hasty. Before August 28, 2017, the definition of "Employer" included "any person employing six or more persons within the state, and any person directly acting in the interest of an employer . . . ." Section 213.010(7) RSMo. Cum. Supp. 2017. The legislature amended the definition in 2017 so that it now expressly states that the definition of "'Employer' shall not include: . . . (c) An individual employed by an employer[.]" Section 213.010(8).[6] Sreedharan and Hasty contend that under the amended version of the statute, they were not "employers" and could not be sued under the MHRA. As a general rule, we apply the version of the statute that was in effect at the time of the discriminatory act. *See MCHR v. Red Dragon Rest., Inc.*, 991 S.W.2d 161, 166-70 (Mo. App. W.D. 1999) (noting that the law applicable to the plaintiff's MHRA claims was the law in effect at the time of the plaintiff's alleged injury); see also *Folsom v.*

---

[6] All statutory references are to the Revised Statutes of Missouri (2016) as currently updated unless otherwise noted.

*Mo. State Highway Patrol*, 580 S.W.3d 645, 650 n.1 (Mo. App. W.D. 2019) (holding that the law applicable to an MHRA claim was the law in effect at the time of the alleged discrimination).[7] The alleged discrimination against Wiedner occurred in 2016, therefore, absent some other reason, the trial court would properly have applied the version of the statute in effect at that time.

There are two exceptions to the general rule that an amendment to a statute applies only prospectively. The first is "if the legislature clearly expresses an intent that the amendment be given retroactive application, either in the express language of the act or by necessary implication." *Bram v. AT&T Mobility Servs., LLC*, 564 S.W.3d 787, 795 (Mo. App. W.D. 2018). This exception does not apply because the legislature expressed no clear intent to have the amendments to the statute apply retroactively. *Bram*, 564 S.W.3d at 795.

The second exception that warrants retroactive application of an amended version of a statute is when the statutory provision that has been amended "is merely procedural or remedial, rather than substantive." *Id.*; *Jones by Williams v. Mo. Dep't of Soc. Servs.*, 996 S.W.2d 324, 327 (Mo. App. E.D. 1998). Sreedharan and Hasty contend that this second exception to the general rule does apply because the definition of "employer" is merely procedural and thus should be applied retroactively.

---

[7] In *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420 (Mo. banc 2019) the Missouri Supreme Court noted that "[t]he applicable statute is typically the one in effect when the petition was filed." *Id.* at 425 n.3. But, for that proposition, the Court relied on a custody case (not a case of alleged discrimination where the actionable behavior and the filing of the petition may be drastically different dates) and in *R.M.A.* the version of the statute at the time the petition was filed was the same as the version of the statute when the alleged discrimination and the administrative complaint were filed. Thus, we follow the more specific guidance referenced above.

Statutes are not "allowed to operate retrospectively so as to affect such past transactions to the substantial prejudice of parties interested." *Mo. Real Estate Comm'n v. Rayford*, 307 S.W.3d 686, 690 (Mo. App. W.D. 2010) (quoting *State v. Thomaston*, 726 S.W.2d 448, 460 (Mo. App. W.D. 1987)). As explained by the Missouri Supreme Court, "[a] law is retrospective in *operation* if it takes away or impairs vested or substantial rights acquired under existing laws *or* imposes new obligations, duties, or disabilities with respect to past transactions." *Id.* (quoting *Hess v. Chase Manhattan Bank*, 220 S.W.3d 758, 769 (Mo. banc 2007)). "Conversely, 'when a law makes only a procedural change, it is not *retrospective* and hence can be applied *retroactively*.'" *Id.* (quoting *Thomaston*, 726 S.W.2d at 460). A procedural or remedial law "prescribes a method of enforcing rights or obtaining redress for their invasion." *Jones by Williams*, 966 S.W.2d at 328. "Remedial laws usually affect only the remedy provided, and include laws that 'merely substitute a new or more appropriate remedy for the enforcement of an existing right.'" *Pierce v. State, Dep't of Soc. Servs.*, 969 S.W.2d 814, 822-23 (Mo. App. W.D. 1998) (quoting *Faulkner v. St. Luke's Hosp.*, 903 S.W.2d 588, 592 (Mo. App. W.D. 1995) (abrogated on other grounds)). In contrast, a substantive law "creates, defines, and regulates rights and duties giving rise to a cause of action" and "takes away or impairs a vested right acquired under existing law, creates a new obligation, imposes a new duty, or attaches a new disability to a past transaction." *Jones by Williams*, 966 S.W.3d at 328.

Sreedharan and Hasty argue that the change in definition of an "employer" does not affect Wiedner's vested right to bring his discrimination claim and is thus procedural. They analogize this case to that of *Hess,* 220 S.W.3d at 769-70, in which the Missouri Supreme

8

Court applied retroactively a statutory amendment that broadened the class of persons who was eligible to bring claims for violation of the Missouri Merchandising Practices Act ("MPA"). The court reasoned that although the pool of potential plaintiffs had expanded under the amended version, the obligations of the MPA remained the same, and Chase Bank had always had an affirmative obligation not to violate the MPA. *Id.* at 770. *See also, Wilkes v. Mo. Highway and Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988) (finding that an act abrogating sovereign immunity may be applied retroactively because it does not create a new cause of action but provides a remedy for a cause of action already existing).

Wiedner, on the other hand, argues that the definition of "employer" under the MHRA is substantive, because it affects vested rights acquired under existing law. We agree. Wiedner alleges discrimination and retaliation by his "employer" Ferrellgas, Inc., and by Sreedharan and Hasty also as "employers" as defined by the statute. Applying the amended definition retroactively here would prohibit this already existing plaintiff, whose claims against the individuals had already vested, from bringing those claims against the individual defendants. While Wiedner's claim would remain against Ferrellgas, Inc., he would be substantially prejudiced in losing potential recovery from the two other defendants. As such, we find this statutory amendment to be more like the one in the *Bram* case. In *Bram*, this court found that a separate amendment to the MHRA "would eliminate some causes of action for discriminatory acts that were previously actionable under Missouri law." *Bram*, 564 S.W.3d at 795. A retroactive application in the present case would similarly "eliminate [Wiedner's] causes of action for discriminatory acts [against the

9

individual defendants] that were previously actionable under Missouri law." *Id.* Accordingly, we conclude that the definition of "employer" under section 213.010 is a substantive provision; the amended definition applies only prospectively, and therefore it does not serve as an absolute bar as to Wiedner's claims against Sreedharan and Hasty.

Next, we turn to the question of whether Sreedharan and Hasty were properly dismissed because they were not named in the administrative Complaint. Generally speaking, a plaintiff cannot file an MHRA lawsuit without first exhausting administrative remedies, and the failure to specifically name an individual in an administrative charge may preclude a person from bringing a civil action against that person. Section 213.075(1); *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669-70 (Mo. banc 2009). "[R]equiring an individual to be named in the charge in order to be included in the later civil suit serves two purposes: to give notice to the charged party[;] and to provide an avenue for voluntary compliance without the resort to litigation, such as through the [administrative body's] conciliation process." *Hill*, 227 S.W.3d at 669. However, in the pre-2017 version, "[t]he statute is clear that the MHRA is intended to reach not just the corporate or public employer but any person acting directly in the interest of the employer." *Id*. Thus, the Missouri Supreme Court in *Hill* established a four factor "substantial identity of interests" test to determine whether an individual defendant would suffer impermissible prejudice due to the complaining employee's failure to add him to the administrative charge. *See id*. at 662.

The substantial-identity-of-interests test considers four factors when looking at whether a party not named in the administrative complaint is so aligned with a named party

10

that a suit should be allowed despite failure to formally name the party in the complaint and thus exhaust administrative remedies. These factors are:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative] complaint;
> 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings;
> 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and]
> 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)).

The *Hill* case itself was an appeal of the trial court's grant of summary judgment in favor of the individual defendant. *Hill*, 227 S.W.3d at 661. In reversing and remanding, the Missouri Supreme Court stated, "Summary judgment seldom should be used in employment discrimination cases, because such cases are inherently fact-based and often depend on inferences rather than on direct evidence." *Id.* at 664. And, although it expressly adopted the four-factor test set forth above, the *Hill* court did not undertake analysis of the facts of the case and apply them to the test. *Id.* at 670. The court simply noted that the trial court had apparently not considered any of the four factors before granting summary judgment to the individual defendant. *Id.* It remanded the case, directing the trial court to consider the four-factor test. *Id.*

11

In this case, the individual defendants were not released from the case on summary judgment, but upon their motion to dismiss, which the circuit court granted for Wiedner's failure to exhaust the administrative remedies. There is no discussion of the *Hill* factors in the order granting the individual defendants' motion to dismiss, and indeed, this court struggles to see how such an inherently fact-based analysis could properly be conducted within the framework of a motion to dismiss. "In ruling on a motion to dismiss, the trial court can only consider the pleadings, and appellate review is also limited to the pleadings." *State ex rel. Cmty. Treatment, Inc. v. Mo. Comm'n on Human Rights*, 561 S.W.3d 107, 111-12 (Mo. App. W.D. 2018). And the circuit court must assume all the facts alleged in the petition are true, construing all inferences from the alleged facts broadly, in favor of the plaintiff. *Avery Contracting, LLC*, at 162 (citing *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 414 (Mo. banc 2014)). The four-factor *Hill* test requires a thorough analysis of facts, and "[t]he determination of factual questions is not appropriate on a motion to dismiss." *Cmty. Treatment, Inc.*, 561 S.W.3d at 111. Therefore, the dismissal of Sreedharan and Hasty as individual defendants must be reversed so that the circuit court can, on a fully developed record, properly apply the four *Hill* factors to the specific facts of this case and determine whether Sreedharan and Hasty were prejudiced by Wiedner's failure to include them in his administrative complaint. *Hill*, 277 S.W.3d at 669-70.

**II.**

Wiedner's second point on appeal alleges that the circuit court erred in dismissing his claim against Ferrellgas, Inc. because his motion to amend the petition was properly granted.

12

Following the court's grant of Wiedner's motion to amend the Petition, Ferrellgas filed a Motion to Compel Arbitration, or in the alternative, Motion to Dismiss. The circuit court granted the motion dismissing the petition without discussion but specifically noted that it was dismissing the case with prejudice.[8] In the motion, Ferrellgas put forth two arguments in support of dismissal. First, it requested that the court reconsider its previous finding that the Amended Petition was "timely filed" and instead find that the Amended Petition did not relate back to the original Petition under Rule 55.33(c) and thus the claim against Ferrellgas was time barred. Alternatively, Ferrellgas, Inc. asserted that the Amended Petition should be dismissed because Wiedner failed to exhaust his administrative remedies against Ferrellgas, Inc. because it was not the party named in the administrative complaints.

We find that, for our purposes, the Rule 55.33 issue is dispositive.[9] Although presented as a motion to reconsider its previous ruling, Ferrellgas, Inc.'s argument that there is no relation back of the Amended Petition was, in effect, a request for the court to dismiss the Amended Petition as barred by the statute of limitations. "The dismissal of a claim as barred by the statute of limitations raises a question of law that this court reviews on a *de*

---

[8] It is an important distinction that the circuit court dismissed with prejudice rather than dismissing with prejudice *and* compelling arbitration. Generally speaking, section 435.355.4 provides that "[a]ny action or proceeding involving an issue subject to arbitration shall be *stayed* if an order for arbitration or an application therefor has been made under this section . . . ." (emphasis added). By dismissing the action and not staying the proceedings and compelling arbitration the circuit court apparently decided the motion on Ferrellgas, Inc.'s alternative request that the "court should reconsider its September 3, 2019, order deeming the Amended Petition timely filed or for failure to exhaust administrative remedies."

[9] Upon remand, either the circuit court or, if Ferrellgas still seeks to compel arbitration, the arbitration agreement may control who decides the issue of whether Wiedner failed to exhaust his administrative remedies with respect to Ferrellgas, Inc.

13

*novo* basis." *Kingsley v. McDonald*, 432 S.W.3d 266, 270 (Mo. App. W.D. 2014) (quoting *Molder v. Trammell Crow Servs., Inc.*, 309 S.W.3d 837, 840 (Mo. App. W.D. 2010)).

In a situation like here where the responsive pleading is already filed, Rule 55.33(a) requires that a party must request "leave of court or . . . written consent of the adverse party" to amend the pleadings. But, "leave shall be freely given when justice so requires." Rule 55.33(a). However, even if the amendment is permitted, it only relates back to the original filing date of the petition if it meets the requirements of Rule 55.33(c). Rule 55.33(c) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 55.33(c) is to be "liberally applied, and is based on the concept of whether a defendant has been given notice sufficient to defend against claims relating to a particular transaction or occurrence." *Kingsley*, 432 S.W.3d at 270 (quoting *Overlap, Inc. v. A.G. Edwards & Sons, Inc.*, 318 S.W.3d 219, 229 (Mo. App. W.D. 2010)).

In the Amended Petition, Wiedner did not make any amendment to the claims brought against Ferrellgas, Inc. from those claims raised against Ferrellgas Partners Finance Corp. Thus, we focus solely on whether Ferrellgas, Inc. (1) "received such notice of the institution of the action as will not prejudice the party in maintaining the party's

14

defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

In an effort to assist the circuit court in deciding whether the Amended Petition should relate back to the filing of the Petition in this situation, both Ferrellgas, Inc. and Wiedner put forth additional evidence and documentation showing the existence of an arbitration agreement between Ferrellgas, Inc. and Wiedner, as well as the relationship between Ferrellgas, Inc. and various related entities. However, because the question of relation back is presented within a motion to dismiss, this additional evidence is not properly before this Court.[10]

Ferrellgas, Inc.'s sole and exclusive argument that it was prejudiced by Wiedner's failure to name it as a defendant in his original Petition *was* Wiedner's subsequent argument that, since Ferrellgas, Inc. participated in this litigation for 22 months, it waived its right to compel arbitration pursuant to any arbitration agreement. Wiedner cannot maintain both that Ferrellgas, Inc. suffers no prejudice from the amendment of his Petition and that Ferrellgas Inc. must now forgo arbitration for having participated in litigation even though it was not properly named as a party in the original Petition.[11] Applying Rule 55.33, it is uncontested that Ferrellgas, Inc. had notice of the institution of Wiedner's action, and knew

---

[10] There is no indication that the circuit court gave notice to the parties that it intended to consider materials outside the pleadings and convert the motion to dismiss to one for summary judgment. Generally speaking, when "both parties introduce evidence beyond the scope of the pleadings, the motion to dismiss is converted to a motion for summary judgment and the parties are charged with knowledge that the motion was so converted." *Cmty. Treatment, Inc.*, 561 S.W.3d at 112. However, in this case, because the materials could have been intended solely to be responsive to the motion to compel arbitration--a part of the same motion--we cannot be certain of the parties' knowledge regarding the potential for the motion to dismiss was converted to one for summary judgment. We therefore decline to treat the motion to dismiss as one for summary judgment.

[11] It is undisputed that the party named in the original petition, Ferrellgas Partners Finance Corp., was not a party to the arbitration agreement between Ferrellgas, Inc. and Wiedner.

15

that, but for Wiedner's naming Ferrellgas or Ferrellgas Partners in the administrative complaint, the action would have been properly brought against Ferrellgas, Inc. That is consistent with the fact that nearly every pleading filed in this action by Ferrellgas Partners Finance Corp. reminded Wiedner time and again that he had not named Ferrellgas, Inc., his actual employer, as a defendant. We also find that Ferrellgas, Inc.'s sole argument as to potential prejudice raised in its Motion to Compel Arbitration, or in the alternative, Motion to Dismiss is cured by stating the obvious--Ferrellgas, Inc. has not waived its right to compel the parties to arbitrate these claims under any possible arbitration agreement it has with Wiedner when it was not a party to Wiedner's action until the Amended Petition was filed. Because Wiedner's Amended Petition naming Ferrellgas, Inc. as a party defendant should relate back to the date of the filing of his original Petition, and Ferrellgas, Inc. has not waived any right to bring a motion to stay the civil action and compel arbitration, the trial court should not have dismissed the Amended Petition with prejudice, and should instead have ruled Ferrellgas, Inc's Motion to Compel Arbitration.[12]

## Conclusion

For the reasons stated above, we reverse the court's dismissal of Sreedharan, Hasty, and Ferrellgas, Inc. and remand for further proceedings consistent with this opinion.

_____
Gary D. Witt, Judge

All concur

---

[12]The provisions of the arbitration agreement, should its enforcement be compelled, will control whether the trial court or the arbitrator is to decide whether Wiedner exhausted administrative remedies with respect to Ferrellgas, Inc.

16